# EXHIBIT "A"

**MORGAN & MORGAN, PLLC**
**Eli S. Levine, Esquire**
elevine@forthepeople.com
Identification No. 309475
One Commerce Square
2005 Market Street, Suite 350
Philadelphia, PA 19103
445-201-8595 (Phone)
445-201-8695 (Fax)

**Attorney for Plaintiff**

Filed and Attested by the Office of Judicial Records 01 JUL 2026 11:54 am I. LOWELL

| | |
|---|---|
| **ABEER ELLABAN**<br>4937 NORTH BROAD STREET, 2ND FLOOR<br>PHILADELPHIA, PA 19141<br>Plaintiff,<br>v.<br>**WALMART SUPERCENTER**<br>4600 ROOSEVELT BLVD<br>PHILADELPHIA, PA 19124<br>&.<br>**WAL-MART STORES EAST LP**<br>1200 SOUTH PINE ISLAND ROAD<br>PLANTATION FL 33324<br>&.<br>**JOHN DOE 1-10**<br>Defendants. | PHILADELPHIA COUNTY<br>COURT OF COMMON PLEAS<br>CIVIL TRIAL DIVISION<br><br>No.<br><br>COMPLAINT |

**"NOTICE"**

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defense or objections to the claims set forth against you. You are warned that if you fail to do so, the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the Plaintiff. You may lose money or Premises or other rights important to you.

**YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET**

**"AVISO"**

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objecciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos iportantes para usted.

**LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O**

**FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.**

Centre County Bar Association
LAWYER REFERRAL & INFO.
192 Match Factory Place
Bellefonte, PA 16823
(814) 548-0052

**LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGA.**

Asociacion de Licenciados de Centre
Servicio de Referencia e Informacion
192 Match Factory Place
Bellefonte, PA 16823
(814) 548-0052

**CIVIL ACTION COMPLAINT**

1. Plaintiff, Abeer Ellabban, (hereinafter referred to as "Plaintiff") is an adult individual, citizen, and resident of the Commonwealth of Pennsylvania, residing at the address listed in the caption of this Complaint.

2. Defendant, Walmart Super Center, is a business entity operating under the laws of the Commonwealth of Pennsylvania, with a business address listed in the caption of this Complaint, and which at all relevant times was the owner, operator, maintainer, possessor, lessor, lessee, and/or otherwise legally responsible for the care, control, and/or safety of the Premises, in whole or in part, located at or near 4600 Roosevelt Boulevard, Philadelphia, PA 19124 (hereinafter preferred to as the "Premises").

3. Defendant, Wal-mart Stores East LP is a business entity operating under the laws of the Commonwealth of Pennsylvania, with a business address listed in the caption of this Complaint, and which at all relevant times was the owner, operator, maintainer, possessor, lessor, lessee, and/or otherwise legally responsible for the care, control, and/or safety of the Premises, in whole or in part.

4. Defendant, John Doe 1-10 is a fictious individual and/or commercial entity whose identity and whereabouts are currently unknown to Plaintiff despite good faith efforts to ascertain said information; Defendant JD is averred to be a fictious name of the entity which at all relevant times was the owner, operator, maintainer, possessor, lessor, lessee, and/or otherwise legally responsible for the care, control, and/or safety of the Premises.

5. At all times material hereto, the above identified defendants (hereinafter collectively referred to as the "Defendants") acted by and through its agents (actual, express, implied, apparent, ostensible, or otherwise), servants, employees, contractors, subcontractors,

lessee's, franchisees, workmen, and/or other representatives for the care, control, and/or safety of the Premises in whole or in part.

6. On or about July 14, 2024, Plaintiff, Abeer Ellaban, was an invitee, licensee, and/or otherwise legally on the Premises when, as a result of the negligence and/or carelessness and/or recklessness of the Defendants, jointly and/or severally, and individually and/or by and through their respective agents, servants, employees, contractors, subcontractors, lessee's, franchisees, workmen, and/or other representatives, Plaintiff was hit by a metal cup and/or thermos and/or water bottle that fell while an employee for the Defendant was stocking a shelf for said merchandise; the metal cup and/or thermos struck Plaintiff in the right ankle.

7. As a direct and proximate result of Defendants negligent and/or careless conduct, jointly and/or severally, as described elsewhere in this Complaint, Plaintiff sustained the following serious and permanent personal injuries, serious impairment of body function, and/or permanent serious disfigurement, and/or aggravation of pre-existing conditions, including, but not limited to: right ankle acute injury with swelling and right ankle instability requiring surgery, complex regional pain syndrome (CRPS) of the right lower extremity.

8. As a result of these injuries, all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great pain, anguish, sickness and agony and will continue to suffer for an indefinite amount of time.

9. As an additional result of the negligence and/or carelessness of the Defendants, jointly and/or severally Plaintiff has suffered emotional injuries along with the physical injuries suffered as well as expenses associated therewith; diminished quality of life; past and future inability to engage in activities of daily living; and past and future physical and emotional pain and suffering, mental anguish, humiliation, embarrassment, loss of life's pleasures, diminished

ability to ambulate and to engage in activities of daily living, and emotional distress.

10. Furthermore, in addition to all the injuries and losses suffered, Plaintiff has incurred and may in the future incur medical, rehabilitative, and other related expenses in the amount equal to and/or in excess of any applicable health insurance coverage for which Plaintiff has not been reimbursed and upon which the Plaintiff makes a claim for payment in the present action.

11. As a further result of the injuries sustained, the Plaintiff has, is presently, and may in the future undergo a great loss of earnings and/or earning capacity, all to the further loss and detriment of the Plaintiff.

**COUNT I**

**Abeer Ellabban v. Walmart Super Center**

**<u>Personal Injury</u>**

12. Plaintiff incorporates herein the allegations set forth in the previous paragraphs, inclusive, as if set forth here at length.

13. The negligence and/or carelessness of Defendant, acting individually and/or by and through Defendant's agents, contractors, employees, franchisees, servants, and/or workmen consisted of the following:

a) failing to exercise the proper care, custody and control over the subject Premises;

b) failing to adequately train, plan, and supervise persons involved in stocking shelves;

c) Permitting the subject employee to stock the metal cup and/or thermos and/or water bottle at issue despite knowing, or having reason to know, that he/she would not do so safely creating a safety hazard to people shopping at the subject property.

d) failing to prevent and/or remove a dangerous condition on the subject Premises;



Case ID: 260700370

e) creating and/or permitting to exist, and not warning about or eradicating, a dangerous and hazardous condition on the subject Premises, frequently in use by workers and open to invitees such as the Plaintiff;

f) ignoring a dangerous condition in an area of the Premises where invitees were known to travel;

g) failing to warn persons, such as Plaintiff, of the presence of dangerous and hazardous conditions on the subject Premises;

h) failing to provide signage and/or warnings indicating that a dangerous and hazardous condition existed on the subject Premises;

i) failing to remove the dangerous and hazardous condition from the subject Premises;

j) failing to implement and enforce policies and procedures for the inspection, removal, and maintenance of dangerous and hazardous condition on the subject Premises;

k) failure to train and/or supervise Defendant's agents, contractors, employees, franchisees, servants, and/or workmen in proper and/or adequate safety procedures;

l) failing to exercise reasonable care for the safety of the Plaintiff;

m) permitting and allowing persons, such as Plaintiff, to walk in, and about, the area of Plaintiff's fall when Defendant's knew, or should have known, of the dangerous and hazardous conditions which existed;

n) failing to discover a dangerous and hazardous condition which posed a significant risk of serious bodily injury to invitees upon the Premises; and

o) appreciating the likelihood that Plaintiff, other invitees, and/or members of the public would traverse the subject Premises, but failing to remedy a dangerous and hazardous condition on the subject Premises despite having sufficient time to do so;

**WHEREFORE**, Plaintiff, Abeer Ellabban, demands judgment in her favor and against Defendant, individually, jointly, and/or severally, in an amount in excess of Fifty Thousand Dollars ($50,000.00) plus all reasonable costs and any other relief the Court deems necessary.

**COUNT II**

**Abeer Ellabban v. Wal-mart Stores East LP**

**Personal Injury**

14. Plaintiff incorporates herein the allegations set forth in the previous paragraphs, inclusive, as if set forth here at length.
15. The negligence and/or carelessness of Defendant, acting individually and/or by and through Defendant's agents, contractors, employees, franchisees, servants, and/or workmen consisted of the following:

a) failing to exercise the proper care, custody and control over the subject Premises;

b) failing to adequately train, plan, and supervise persons involved in stocking shelves;

c) Permitting the subject employee to stock the metal cup and/or thermos and/or water bottle at issue despite knowing, or having reason to know, that he/she would not do so safely creating a safety hazard to people shopping at the subject property.

d) failing to prevent and/or remove a dangerous condition on the subject Premises;

e) creating and/or permitting to exist, and not warning about or eradicating, a dangerous and hazardous condition on the subject Premises, frequently in use by workers and open to invitees such as the Plaintiff;

f) ignoring a dangerous condition in an area of the Premises where invitees were known to travel;

g) failing to warn persons, such as Plaintiff, of the presence of dangerous and hazardous conditions on the subject Premises;

h) failing to provide signage and/or warnings indicating that a dangerous and hazardous condition existed on the subject Premises;

i) failing to remove the dangerous and hazardous condition from the subject Premises;

j) failing to implement and enforce policies and procedures for the inspection, removal, and maintenance of dangerous and hazardous condition on the subject Premises;

k) failure to train and/or supervise Defendant's agents, contractors, employees, franchisees, servants, and/or workmen in proper and/or adequate safety procedures;

l) failing to exercise reasonable care for the safety of the Plaintiff;

m) permitting and allowing persons, such as Plaintiff, to walk in, and about, the area of Plaintiff's fall when Defendant's knew, or should have known, of the dangerous and hazardous conditions which existed;

n) failing to discover a dangerous and hazardous condition which posed a significant risk of serious bodily injury to invitees upon the Premises; and

o) appreciating the likelihood that Plaintiff, other invitees, and/or members of the public would traverse the subject Premises, but failing to remedy a dangerous and hazardous condition on the subject Premises despite having sufficient time to do so;

**WHEREFORE**, Plaintiff, Abeer Ellabban, demands judgment in her favor and against Defendant, individually, jointly, and/or severally, in an amount in excess of Fifty Thousand Dollars ($50,000.00) plus all reasonable costs and any other relief the Court deems necessary.

**COUNT III**

**Abeer Ellabban v. John Doe 1-10**

**<u>Personal Injury</u>**

16. Plaintiff incorporates herein the allegations set forth in the previous paragraphs, inclusive, as if set forth here at length.

17. The negligence and/or carelessness of Defendant, acting individually and/or by and through Defendant's agents, contractors, employees, franchisees, servants, and/or workmen consisted of the following:

a) failing to exercise the proper care, custody and control over the subject Premises;

b) failing to adequately train, plan, and supervise persons involved in stocking shelves;

c) Permitting the subject employee to stock the metal cup and/or thermos and/or water bottle at issue despite knowing, or having reason to know, that he/she would not do so safely creating a safety hazard to people shopping at the subject property.

d) failing to prevent and/or remove a dangerous condition on the subject Premises;

e) creating and/or permitting to exist, and not warning about or eradicating, a dangerous and hazardous condition on the subject Premises, frequently in use by workers and open to invitees such as the Plaintiff;

f) ignoring a dangerous condition in an area of the Premises where invitees were known to travel;

g) failing to warn persons, such as Plaintiff, of the presence of dangerous and hazardous conditions on the subject Premises;

h) failing to provide signage and/or warnings indicating that a dangerous and hazardous condition existed on the subject Premises;

i) failing to remove the dangerous and hazardous condition from the subject Premises;

j) failing to implement and enforce policies and procedures for the inspection, removal, and maintenance of dangerous and hazardous condition on the subject Premises;

k) failure to train and/or supervise Defendant's agents, contractors, employees, franchisees, servants, and/or workmen in proper and/or adequate safety procedures;

l) failing to exercise reasonable care for the safety of the Plaintiff;

m) permitting and allowing persons, such as Plaintiff, to walk in, and about, the area of Plaintiff's fall when Defendant's knew, or should have known, of the dangerous and hazardous conditions which existed;

n) failing to discover a dangerous and hazardous condition which posed a significant risk of serious bodily injury to invitees upon the Premises; and

o) appreciating the likelihood that Plaintiff, other invitees, and/or members of the public would traverse the subject Premises, but failing to remedy a dangerous and hazardous condition on the subject Premises despite having sufficient time to do so;

**WHEREFORE**, Plaintiff, Abeer Ellabban, demands judgment in her favor and against Defendant, individually, jointly, and/or severally, in an amount in excess of Fifty Thousand Dollars ($50,000.00) plus all reasonable costs and any other relief the Court deems necessary.

.

**MORGAN & MORGAN, PLLC**

Dated: June 29, 2026

**By: /s/ Eli S. Levine**
**ELI S. LEVINE, ESQUIRE**
**Attorney for Plaintiff**

**VERIFICATION**

I, Abeer Ellabban, hereby state that I am the Plaintiff, that I have reviewed the foregoing document, and that the facts contained therein are true and correct to the best of my knowledge, information, and belief. I understand that the statements made herein are made subject to penalties of 18 Pa.C.S. §4904 relating to unsworn falsifications to authorities.

**Date:** ________________ **By:**_______________________
**Abeer Ellabban**